## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MICHAEL SNEED**                                                                                    **CIVIL ACTION**

**VERSUS**                                                                                          **NO. 26-49-BAJ-RLB**

**AMBASSADOR FREIGHT SERVICE,**
**ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings of fact, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 6, 2026.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL SNEED                                                    CIVIL ACTION

VERSUS                                                              NO. 26-49-BAJ-RLB

AMBASSADOR FREIGHT SERVICE,
ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 8). The motion is opposed. (R. Doc. 11). Plaintiff filed a Reply. (R. Doc. 15).

## I.     Background

On or about October 13, 2023, Michal Sneed ("Plaintiff") initiated this personal injury action against Ambassador Freight Service LLC ("Ambassador") and Carl Ray LaFond ("Lafond") (collectively, "Defendants") in the 19th Judicial District Court for East Baton Rouge Parish, Louisiana. (R. Doc. 1-1). In the Petition, Plaintiff alleges that he was rear-ended by a commercial vehicle operated by LaFond, who was acting in the course and scope of his employment with Ambassador. Among other things, Plaintiff alleges that he suffered serious injuries to the neck, right shoulder, and back. (R. Doc. 1-1 at 3). Also, Plaintiff specifically alleges that his cause of action "against the current Defendants exceeds seventy-five thousand dollars exclusive of interests and costs, and the damages are legally sufficient for federal court jurisdiction." (R. Doc. 1-1 at 4).

There is no dispute that Defendants were served with process on or about October 29-30, 2025. (*See* R. Doc. 1 at 5). Defendants removed this action on January 14, 2026, asserting that this Court can properly exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1).

1

Plaintiff is now seeking remand of this case on the basis that the Notice of Removal filed by Defendants on January 14, 2026, was untimely. (R. Doc. 8). Plaintiff argues that the 30-day removal clock started to run upon service of the Petition on October 30, 2025, because the Petition expressly alleges that Plaintiff is seeking damages in excess of the minimum federal jurisdictional amount. (R. Doc. 8-1 at 4). Plaintiff asserts that the filing of the Notice of Removal by Defendants on January 14, 2026, was untimely because the 30-day removal clock had already expired on December 1, 2025. (R. Doc. 8-1 at 4).

Defendants argue that service of the Petition did not start the 30-day removal clock because Defendants' review of Plaintiff's treatment records demonstrated that Plaintiff could not have recovered damages in excess of the minimum federal jurisdictional amount as pled. (R. Doc. 11 at 4-5). Defendants assert that the 30-day removal clock did not begin to run until Defendants received information from Plaintiff on January 7, 2026, that provided unequivocally clear and certain evidence that the federal jurisdictional amount requirement was satisfied. (R. Doc. 11 at 5). So, the Defendants argue that their Notice of Removal filed on January 14, 2026, was timely. (R. Doc. 11 at 5).

## II.    Law and Analysis

### A.    Legal Standards

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th

Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).

Even if the amount in controversy is met and the parties are diverse, however, a case may be remanded if it is not timely removed. The time limits for filing a notice of removal are as follows:

> [Generally, t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading[, but] if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). The Fifth Circuit stated that 28 U.S.C. § 1446(b) provides a two-step test for determining whether a defendant timely removed a case. *Chapman v. Powermatic Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). If the case stated by the initial pleading is removable, then the notice of removal must be filed within thirty days from the receipt of the initial pleading by the

3

defendant. *Id*. If the case stated by the initial pleading is not removable, then the notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable. *Id*.

In the context of ambiguous amount in controversy allegations or where the plaintiff does not allege an amount in controversy, the Fifth Circuit has set forth a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman*, 969 F.2d at 163 (emphasis added by *Mumfrey*)). The Fifth Circuit stated that if a plaintiff wishes the 30-day removal period to run from the defendant's receipt of the initial pleading, he shall "place in the initial pleading ***a specific allegation that damages are in excess of the federal jurisdictional amount***." *Chapman*, 969 F.2d at 163. Such a statement would provide notice to defendants that the removal clock has started to run, but would not run afoul of state laws that prohibit pleading unliquidated damage amounts. *Mumfrey*, 719 F.3d at 399. By adopting this bright-line rule to promote certainty and judicial efficiency, the Fifth Circuit rejected a due diligence standard by not requiring courts to inquire into what a particular defendant may or may not subjectively know. *Chapman*, 969 F.2d at 163.

If the case stated by the initial pleading is not removable, then the 30-day removal clock can be triggered upon receipt of an amended pleading, motion, order, or other paper. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 212 (5th Cir. 2002). Examining the language of 28 U.S.C. § 1446(b)(3) supports this finding, as it provides that the 30-day removal clock can be triggered by the defendant's receipt of "[a]n amended pleading, motion, order[,] or other paper from which it may *first* be ascertained that the case is one which is or has become removable."

4

**B.      Analysis**

There is no dispute that this Court can properly exercise diversity jurisdiction over this action under 28 U.S.C. § 1332. Instead, the issue is one of timeliness.

Under *Chapman* and *Mumphrey*, the 30-day removal period begins to run upon service of the petition only if the petition includes a specific allegation that the plaintiff is seeking damages in excess of the minimum federal jurisdictional amount. *See Mumfrey*, 719 F.3d at 399; *Chapman*, 969 F.2d at 163. In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary damage amount in their petitions. La. Code Civ. Proc. art. 893(A)(1). Plaintiffs are required, however, to make a general allegation that the claim exceeds or is less than the requisite amount required when a specific amount of damages is necessary to establish jurisdiction of the court. *Id*.

In Paragraph 13 of the Plaintiff's Petition for Damages, Plaintiff states that "[his] cause of action . . . against the current Defendants exceeds seventy-five thousand dollars exclusive of interest and costs, and the damages are legally sufficient for federal court jurisdiction." (R. Doc. 1-1 at 4). The language in this paragraph is consistent with Louisiana Code of Civil Procedure Article 893, as it is a general allegation that the claim exceeds the jurisdictional amount required for federal diversity jurisdiction. This Court has previously found that a plaintiff's State court petition that included a similar allegation was sufficient to trigger the 30-day removal clock because the petition affirmatively revealed on its face that plaintiff sought damages in excess of the minimum federal jurisdictional amount. *Thomas v. Regency Centers Corp.*, No. CV 19-535-JWD-RLB, 2020 WL 9720159, at *4 (M.D. La. Feb. 6, 2020). Indeed, this Court (and every district judge) has consistently admonished Plaintiffs that if they want the 30-day removal clock

5

to begin upon service of the Petition, they should include such an allegation.[1] Plaintiff here has heeded that instruction.

Therefore, this Court finds that the 30-day removal clock was triggered upon service of the Petition because the Petition included an allegation that Plaintiff is seeking damages in excess of the minimum federal jurisdictional amount.

Defendants assert that the cost of the alleged damages suffered by Plaintiff needed to be verified to determine that the federal jurisdictional amount requirement was satisfied. (R. Doc. 11 at 2). However, assessing a defendant's subjective knowledge of an initial pleading's removability is expressly what the Fifth Circuit sought to avoid in rejecting a due diligence standard and adopting a bright-line rule. *Chapman*, 969 F.2d at 163. Under 28 U.S.C. § 1446(c)(2), the damages sought need only be demanded in good faith in the initial pleading to be deemed the amount in controversy where removal is based on diversity jurisdiction. Defendants have not set forth any allegations or evidence in support of a finding that Plaintiff's allegations regarding the amount in controversy were not made in good faith. Defendants submitted medical records that showed Plaintiff's alleged injuries resulted in a recommendation for surgery. (R. Doc. 11-1). This evidence is consistent with the finding that Plaintiff acted in good faith when he alleged that the amount in controversy exceeded the minimum federal jurisdictional amount. Since the Petition affirmatively reveals on its face that the federal jurisdictional amount requirement was met, Defendants were on notice that the removal clock had started to run upon

---

[1] *Haifa v. SharkNinja Operating LLC*, No. CV 24-548-SDD-RLB, 2024 WL 4674558, at *3 (M.D. La. Oct. 8, 2024); *Velasquez v. S2S North Gate Associates, LLC*, No. CV 21-553-BAJ-RLB, 2021 WL 8082968, at *3 (M.D. La. Dec. 16, 2021); *Edwards v. Walmart Louisiana, LLC*, No. CV 20-669-JWD-RLB, 2020 WL 7961648, at *4-5 (M.D. La. Dec. 9, 2020); *Rayburn v. Regions Financial Corp.*, No. CV 22-484-JWD-RLB, 2022 WL 10809736, at *3 (M.D. La. Oct. 3, 2022); *Stokes v. Johnson*, No. CV 22-6-BAJ-RLB, 2022 WL 1019997, at *3 (M.D. La. Mar. 14, 2022). The above report and recommendations were all adopted by the assigned district judge.

service of the Petition, and Defendants were not required to investigate whether the federal jurisdictional amount requirement had been satisfied by Plaintiff. Accordingly, any removal period following the receipt of other paper is simply inapplicable.

This Court finds that the 30-day removal clock started to run upon service of the Petition on or about October 29-30, 2025. Therefore, the filing of the Notice of Removal by Defendants on January 14, 2026, was untimely, as it was filed outside the 30-day removal period.

## III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion for Remand (R. Doc. 8) be **GRANTED,** and that this action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge, Louisiana.

Signed in Baton Rouge, Louisiana, on July 6, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

7